## CHAIN STORE PRODUCTS CORPORATION v. SCOLDING LOCKS CORPORATION.
### No. 5136.

Circuit Court of Appeals, Seventh Circuit.
March 9, 1935.

Alexander F. Reichmann, of Chicago, Ill., Louis Quarles, of Milwaukee, Wis., and Lee J. Gary, of Chicago, Ill., for appellant.

Casanave Young, of Milwaukee, Wis., for appellee.

Before EVANS, SPARKS, and FITZ-HENRY, Circuit Judges.

SPARKS, Circuit Judge.

This was an action for infringement of claims 1 and 2[1] of United States Patent No. 1,732,808, issued to Goldberg October 22, 1929, on an application filed July 17, 1926. The court decreed both claims invalid for lack of invention, and dismissed the bill for want of equity. From that ruling this appeal is prosecuted.

The invention relates to an improvement in hairpins designed particularly for use with short or bobbed hair, wherein it is claimed an unusual frictional grip is secured upon the hair with the result of effectively holding the waves of the hair in place without flattening the curl or marcel. It comprises a resilient length of material of greater width than thickness, bent to provide an open loop and legs, one of which is substantially straight, while the other is crimped, as shown by Fig. 2 of the drawings:

The crimps 5 are so arranged that their bases may or may not contact the face of the straight leg 3, but it is preferable that one of the crimps as at 6 shall contact leg 3 to provide a more effective springlike gripping engagement between the two legs. The free terminal of leg 3 extends in a substantially horizontal plane, and the terminal 7 is upturned at an angle from 3, in order to facilitate the insertion of the hairpin into the hair.

The prior art relied upon by appellee consists of the following patents:

| No. | Patentee | Issued | | |
|---|---|---|---|---|
| 166,613 | James | August | 10, | 1875 |
| 1,374,264 | Weber | April | 12, | 1921 |
| 1,528,454 | Taggart | March | 3, | 1925 |
| 1,581,557 | Waltz | April | 20, | 1926 |
| 1,590,780 | Taggart | June | 29, | 1926 |
| 1,624,428 | Naito | April | 12, | 1927 |
| 1,637,492 | Lui | August | 2, | 1927 |

The James device was a spring-clasp for holding currency. Both legs were in contact with each other except at the bend, re-

---

[1] "Claim 1. A hairpin made of spring material having greater width than thickness, comprising two opposed legs, one leg of said hairpin being substantially straight and the other leg of which is crimped intermediate its length, said legs being united by an integral connecting bend, a portion of the crimped leg being so constructed as to contact a portion of the straight leg.

"Claim 2. A hairpin made of spring material comprising two opposed legs, one leg of said hairpin being substantially straight and the other leg of which is crimped intermediate its length, said legs being united by an integral connecting bend, a portion of the crimped leg being so constructed as to contact a portion of the straight leg."

ferred to as 2 in the patent in suit, and were crimped in such manner that the crimps of one leg coincided with those of the other, the ends of the legs being bent outward from each other in order to facilitate the entry of currency. Weber was an improvement in hairpins and was substantially the same in construction as James. The first Taggart patent claimed a hairpin of spring material of greater width than thickness, with a loop (or bend) at one end, and the legs beyond the loop disposed with their broad faces in contact. The patent was illustrated by drawings containing both legs straight and both legs crimped, and it was stated in the specifications that without departing from the spirit of the invention other forms might be given the legs at will. The second Taggart patent was the same as the crimped legs illustrated in his first patent. In the Waltz patent both legs were straight. The Naito patent was substantially the same as the patent in suit, except that the legs were tapered and in the form of an arc rather than a straight line, and in Naito the crimped leg engaged the oppositely opposed leg at the infold of each crimp. In Lui the legs were straight except at the free ends which were flared for the introduction of the hair.

It is contended by appellant that neither Naito nor Lui can be considered as anticipatory because the dates of issue of these patents were not prior to the date of the filing of the patent in suit. It further insists that the date of the invention of the patent in suit was carried back to a time antedating Naito, Lui, Waltz and Taggart (2nd) by the testimony of appellant's witness, Hermsdorf, accompanied by the sample pins which were then manufactured according to the style suggested by Goldberg. Assuming without deciding that these contentions are sound, yet we think the patent here is completely anticipated by the first Taggart patent. The only substantial difference between the two devices is that in Taggart both legs may be either straight or crimped, or in any other form desired, while in the patent in suit one leg is crimped and the other straight. In the latter it is preferable that a base of one of the crimps shall contact the face of the straight leg, but the claims are not thus limited, and the specifications state that the bases of the crimps may or may not contact the straight leg. If, however, legs of the patent in suit be limited to one point of contact, then we should say that appellee's device, although quite similar in all other respects, does not infringe the patent because it has several points of contact, for at the date of the patent in suit Goldberg was working in a very crowded and constricted field. But in view of the crowded condition of the art, we think the use of a pin with one crimped leg in conjunction with a straight one can hardly be considered as rising to the dignity of invention.

Decree affirmed.